UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD GRESHAM,<br><br>    Plaintiff,<br><br>v.<br><br>SEI INVESTMENTS MANAGEMENT CORP.,<br>SEI INVESTMENTS CO., SEI INVESTMENTS<br>DISTRIBUTION CO., PROSHARE ADVISORS, LLC,<br>and PROSHARES TRUST,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action<br>§<br>§ No. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## **DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants SEI Investments Management Corp., SEI Investments Co., SEI Investments Distribution Co., ProShare Advisors LLC, and ProShares Trust (hereinafter collectively, "Defendants") hereby give notice of removal of this action to the United States District Court for the Northern District of Texas. As grounds for this removal, Defendants state as follows:

FACTUAL BACKGROUND

1. On or about October 30, 2009, plaintiff Ronald Gresham ("Plaintiff") filed an original Petition against Defendants in the 44th District Court of Dallas County, Texas, styled *Ronald Gresham v. SEI Inv. Mgmt. Corp., SEI Invs. Co., SEI Invs. Dist. Co., ProShare Advisors LLC, and ProShares Trust*, Cause No. 09-14776 (the "State Court Action").

2. The Petition was served on Defendants on or about November 19, 2009.

NOTICE OF REMOVAL FROM STATE COURT – Page 1

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto as **Exhibit A** are (i) an index of all documents filed in the State Court Action, (ii) a copy of the docket sheet in the State Court Action, (iii) a copy of the true and correct copies of all process, pleadings, and orders in the State Court Action on file with the Clerk of the District Court of Dallas County, Texas, and served on Defendants, and (iv) a certificate of interested persons pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.1(c).

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed by Defendants within thirty (30) days after receipt by Defendants, through service of summons upon Defendants, of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

## Diversity Jurisdiction

5. This case is removable under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

6. Section 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states," and that "[f]or purposes of this section and section 1441 of this title," a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

7. Plaintiff is a citizen of the state of Texas. *See* Compl. 3.

8. Defendant SEI Investments Management Corp. is a Delaware corporation with its principal place of business in Oaks, Pennsylvania.

9. Defendant SEI Investments Co. is a Pennsylvania corporation with its principal place of business in Oaks, Pennsylvania.

10. Defendant SEI Investments Distribution Co. is a Pennsylvania corporation with its principal place of business in Oaks, Pennsylvania.

11. Defendant ProShare Advisors LLC is a Maryland limited liability company with its principal place of business in Maryland.

12. Defendant ProShares Trust is a Delaware statutory trust with its principal place of business in Maryland.

13. Under 28 U.S.C. § 1332, the parties are therefore diverse.

14. Plaintiff asserts four claims relating to his alleged purchase of securities from Defendants. Specifically, Plaintiff claims that he has sustained damages in connection with his purchase of shares in ProShares's UltraShort MSCI Emerging Markets Fund ("EEV Fund") in November 2008. *See* Compl. 1-2.

15. Attached hereto as **Exhibit B** is a true and correct copy of a demand letter that Plaintiff sent to Defendants' counsel, which is dated September 17, 2009, but which was received by email on September 25, 2009 (the "Demand Letter"). In that letter, Plaintiff asserts that in November 2008 he invested $142,609.98 in the EEV Fund and that the current value of his investments is "approximately $20,000.00," indicating that he alleges losses of approximately $122,000.

16. Thus, although Plaintiff's Petition ostensibly seeks only $6,513 damages, his own Demand Letter makes clear that he believes he has sustained losses of at least approximately $122,000.

17. Under Texas law, and based upon the facts alleged in the Demand Letter regarding Plaintiff's investment in the EEV Fund and the current value of his investment, were

Plaintiff to prevail on any of his current claims regarding the EEV Fund, he would undoubtedly seek relief in excess of $75,000.

18.     Accordingly, and without waiver of Defendants' right to contest any and all claims of damages, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction, and this court therefore has removal jurisdiction over this action.  *See* 28 U.S.C. §§ 1332, 1441.

<b><u>Subject Matter Jurisdiction</u></b>

19.     This case is further removable under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331.

20.     Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

21.     Defendant ProShares Trust, ProShare Advisors LLC (collectively, "ProShares"), and SEI Investments Distribution Co. are currently defending against twenty-six actions pending in the United States District Court for the Southern District of New York (the "New York Securities Actions"), the first of which was filed on August 5, 2009.  A list of the New York Securities Actions is attached hereto as **Exhibit C.**

22.     Each of the New York Securities Actions alleges that ProShares's Registration Statement contained material misstatements and omissions in violation of Sections 11 and 15 of the Securities Act of 1933.  Specifically, plaintiffs in each of the New York Securities Actions allege that the Registration Statements failed adequately to disclose that ProShares's funds sought to achieve their investment objectives on a daily basis.

23.     Plaintiff's Demand Letter – which was received after several of the New York Securities Actions were already pending – contains allegations that are virtually identical to the

allegations set forth in the New York Securities Actions. Indeed, the Demand Letter expressly asserts that "ProShares . . . violated the letter and spirit of the registration requirements of the Securities Act." Ex. B, at 3.

24. Further, the allegations contained in Plaintiff's Petition echo the allegations in his Demand Letter and in the New York Securities Actions, making clear that Plaintiff's claims against Defendants arise under the federal securities laws.

25. Accordingly, this court has subject matter jurisdiction over this action. *See* 28 U.S.C. §§ 1331, 1441.

26. Further, Section 11 of the Securities Act of 1933 provides, in relevant part, that the measure of damages is "the difference between the amount paid for the security . . . and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment [if not greater than the measure of damages under (1)]."

27. Pursuant to the statutory measure of damages, and the facts alleged in the Demand Letter concerning the amount Plaintiff invested in the EEV Fund and the current value of that investment, were Plaintiff to prevail on any Section 11 claim, he would undoubtedly claim damages exceeding $75,000, thus satisfying the jurisdictional requirement under 28 U.S.C. § 1332.

28. SEI Investments Management Corp., SEI Investments Co., SEI Investments Distribution Co., ProShare Advisors LLC, and ProShares Trust are the only named Defendants in this action, and they consent to this removal.

29. Written notice of the removal of this action has been given simultaneously herewith to Plaintiff's counsel.  Concurrent with the filing of this Notice of Removal, Defendants have filed a Notice of Filing Notice of Removal with the Clerk of the District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446(b) in the form attached hereto as **Exhibit D.**

Dated: December 17, 2009

                                            Respectfully submitted,

By: /s/ Gregory M. Clift
**R. ROGGE DUNN, ESQ.**
State Bar No. 06249500
Email: rdunn@cdklawyers.com
**GREGORY M. CLIFT, ESQ.**
State Bar No. 00795835
Email: gclift@cdklawyers.com
**CLOUSE DUNN KHOSHBIN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Tel:  (214) 220-0077
Fax: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**

Of Counsel:

Robert A. Skinner (*pro hac vice application pending*)
Ropes & Gray LLP
One International Place
Boston, MA  02110
Tel: (617) 951-7000
Fax: (617) 951-7050
robert.skinner@ropesgray.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record, pursuant to the Rules of Civil Procedure, on the 17th day of December 2009.

| | |
|---|---|
| **R. Dean Gresham - Pro Se**<br>Fineberg/Gresham<br>3811 Turtle Creek Blvd., Suite 1900<br>Dallas, Texas 75219 | ☐ **VIA OVERNIGHT**<br>☒ **VIA HAND DELIVERY**<br>☐ **VIA FAX (214) 219-8838**<br>☐ **VIA EMAIL:** dgresham@fineberglaw.com<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA CERTIFIED MAIL, RRR** |

By: /s/ Gregory M. Clift_____
     **R. ROGGE DUNN**
     **GREGORY M. CLIFT**