```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

RONALD GRESHAM,                 §
                                §
            Plaintiff,          §
                                § Civil Action No. 3:09-CV-2406-D
VS.                             §
                                §
SEI INVESTMENTS MANAGEMENT      §
CORP., et al.,                  §
                                §
            Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

The question presented by plaintiff's motion to remand is whether defendants have established that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Concluding that they have not, the court grants the motion and remands the case.

I

Ronald Gresham ("Gresham") sues defendants ProShare Advisors LLC and ProShares Trust (collectively, "ProShares"), SEI Investments Management Corp., SEI Investments Co., and SEI Investments Distribution Co. for damages relating to Gresham's purchase of 1,500 shares of ProShares' UltraShort MSCI Emerging Markets Fund ("EEV Fund") in November 2008. His claims are all asserted under Texas law. The parties are diverse citizens. But Gresham contends he is seeking only $6,513.00 in damages, an amount that he clearly states five times in his state court first amended petition ("state court petition") as the total amount of damages he

seeks.

Gresham paid a total of $142,609.98 for his EEV Fund shares. To date, he has only sold 70 of his 1,500 shares, thereby sustaining a loss of $6,513.00.  The remaining shares were worth around $20,000 in September 2009.  From a November 2008 price of around $105 per share, the value per share had fallen to approximately $14 in October 2009.  Gresham maintains that defendants misrepresented the EEV Fund and provided investors with false information regarding the purpose and structure of the fund. He sues for negligent misrepresentation, fraud by nondisclosure, strict products liability, and joint enterprise liability under Texas law.

Defendants removed the case based on diversity of citizenship. Gresham moves to remand, contending that defendants cannot meet the requirement of 28 U.S.C. § 1332(a)(1) that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

II

28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  It is well settled that the removing party bears the burden of showing that removal was proper.  *Manguno v.*

*Prudential Prop. & Cas. Ins.* Co., 276 F.3d 720, 723 (5th Cir. 2002). Thus defendants bear the burden of proving that the amount in controversy is greater than $75,000. *See* 14AA Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3702, at 35 (2009). They must do so by a preponderance of the evidence. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Additionally, the removal statute must be strictly construed, and "any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). "The federal removal statute, 28 U.S.C. § 1441, is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

To determine the amount in controversy, the court looks first to Gresham's state court petition. *See Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "A plaintiff who does not 'desire to try his case in the federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'" *De Aguilar*, 47 F.3d at 1410 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)) (ellipsis in original). "[T]he plaintiff remains the master of his complaint." *Allen v. R & H Oil*

*& Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

"The inquiry, however, does not end merely because plaintiff alleges damages below the threshold." *De Aguilar*, 47 F.3d at 1410. "[A] removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages." *Corkern v. Outback Steakhouse of Fl., Inc.*, 2006 WL 285994 (E.D. La. Feb. 6, 2006) (citing *Allen*, 63 F.3d at 1335). If the plaintiff clearly alleges a specific amount, as did Gresham in his state court petition, the court accepts that amount as the amount in controversy unless defendants can prove by a preponderance of the evidence that the plaintiff pleaded that amount in bad faith. *See St. Paul Mercury*, 303 U.S. at 288 ("The rule governing dismissal for want of jurisdiction in cases brought in federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *De Aguilar*, 47 F.3d at 1410 ("The face of the plaintiff's pleading will not control if made in bad faith."). A plaintiffs' "abusive manipulation" of pleadings to evade federal jurisdiction may be characterized as bad faith. *See De Aguilar*, 47 F.3d at 1410.

### III

Defendants assert that the amount in controversy is not merely the $6,513.00 in damages that Gresham sustained on the sale of 70 of his 1,500 shares, but is instead the lost value of all of

Gresham's shares. Gresham counters that this loss is entirely speculative because it is not clear that he will sell his remaining shares, and if he does, the price at which he might sell them is also speculative. Defendants have not proved by a preponderance of the evidence that Gresham intends to sell his remaining shares or to sell them at a loss. It is possible that Gresham could retain the shares or that the market price of EEV Fund shares could recover to the point that Gresham could sell them but break even, sell them for a modest loss that would still fall below $75,000, or even sell them at a profit.

The court finds that Gresham's allegations of damages of $6,513.00 were made in good faith. As of the time of removal, Gresham had only realized a loss in that amount. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). There is a transparent and logical reason for Gresham to allege the specific computation of $6,513.00 in damages. Gresham has not demonstrated bad faith by simply demanding the value of his actual loss.

In other cases finding that plaintiffs manipulated the amount in controversy in bad faith, the plaintiffs often simply pleaded an amount less than the jurisdictional minimum without any similar logical justification. For example, in *Troiani v. Allstate Ins. Co.*, 2006 WL 1851378 (S.D. Tex. July 3, 2006), cited by defendants,

- 5 -

the plaintiff asserted multiple causes of action and requested relief "not in excess of $70,000," without any justification for that limitation. *See id.* at *3. Further, in addition to his request for $70,000, the *Troiani* plaintiff sought exemplary damages, treble damages, and attorney's fees. *See id.* at *4. In *De Aguilar* the court found bad faith in a case brought by the relatives of persons who died in a jet explosion. *See De Aguilar*, 47 F.3d 1404. The plaintiffs attempted to stipulate after removal that their claims did not exceed the jurisdictional minimum (then-$50,000), although they had sought up to $5 million in damages for the same injuries in other fora. *Id*. at 1406-07. The plaintiffs apparently provided no justification at all for the calculation of the $50,000 amount requested. The only apparent rationale was the desire to avoid federal jurisdiction. Gresham's logical demand amount, calculated based on his actual realized losses as of the date he filed suit and the date the case was removed, is not a similarly transparent attempt to evade federal jurisdiction.

Gresham's purchase of EEV Fund shares and subsequent sale of only some of those shares at a loss explain the exact amount demanded in his state court petition. Further, because the court only considers Gresham's damages at the time of removal, it is quite logical to rely on Gresham's actual loss because any other amount would be speculative concerning the future value of Gresham's claim at some point in time after removal. *See St. Paul*

*Mercury*, 303 U.S. at 293 (determining amount in controversy as of time of removal) ("[E]vents occurring subsequent to removal . . . do not oust the district court's jurisdiction once it has attached."). Defendants have failed to establish Gresham's bad faith. Defendants point to a pre-litigation letter that Gresham sent to defendants in which he stated that he had purchased shares of the EEV Fund for $142,609.98 and that the value of that investment at the time of the letter was only approximately $20,000. But Gresham never stated that he was demanding payment in the amount of the difference between the two values, or, for that matter, that he was seeking any other specific amount, and it is therefore insufficient to establish that his claim exceeds the amount-in-controversy requirement. *Cf. Cardona v. Life Ins. Co. of N. Am.*, 2009 WL 3199217, at *2 (N.D. Tex. Oct. 7, 2009) (Fitzwater, C.J.) (noting that "plaintiffs' pre-suit demand letter stated that mental anguish damages totaled 'at least $50,000,' and actual damages totaled 'at least $100,000.'"); *see also Alfridawi v. Switzer*, 2002 WL 31370479, at *1 (N.D. Tex. Oct. 18, 2002) (Lynn, J.) (noting that plaintiff's demand letter itemized $45,494.93 in medical expenses and lost wages).

Defendants have not proved by a preponderance of the evidence that Gresham is acting in bad faith or that his loss will exceed $75,000, exclusive of interest and costs. Because Gresham's state court petition is specific and clear in its damage request, the

court must defer to the stated amount.[1] *See Corkern*, 2006 WL 285994, at *2 ("[R]emoval standards 'give great weight to the plaintiff's assessment of the value of plaintiff's case.'" (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002))). The amount in controversy thus falls below the $75,000 minimum required to sustain federal subject matter jurisdiction based on diversity of citizenship.

IV

Gresham requests that the court order defendants to pay his attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Under §1447(c) the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of removal." "[C]ourts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, defendants had an objectively reasonable basis to remove the case. Defendants reasonably believed that the amount in controversy should be determined

---

[1] The court notes that many of the cases cited by defendants involve state court petitions that do not specify any amount in damages. A separate set of standards apply to proving the amount in controversy when the state court petition is silent on the issue. *See Corkern*, 2006 WL 285994, at *2.

according to Gresham's unrealized losses. Although the court disagrees with defendants' position, it cannot say that defendants lacked an objectively reasonable basis for seeking removal.

* * *

Gresham's December 31, 2009 motion to remand is granted because defendants have failed to prove by a preponderance of the evidence that the court has subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1447(c). This case is remanded to the 44th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

April 5, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE